**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GABRIELLA ZARRELLI,

               Plaintiff,

    vs.

ROSS UNIVERSITY SCHOOL OF
VETERINARY MEDICINE, ADTALEM
GLOBAL EDUCATION, INC., DR. LUCAS
NOLAZCO-SASSOT, and DOES 1 - ,

               Defendants.

Case No.: 22-cv-01277

Hon. Matthew Kennelly

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Ross University School of Medicine ("Ross University"), Adtalem Global Education, Inc. ("Adtalem"), and Dr. Lucas Nolazco-Sassot ("Dr. Nolazco-Sassot") (collectively, "Defendants") submit this memorandum of law in support of their motion to dismiss all of Plaintiff Gabriella Zarrelli's ("Plaintiff") claims on the grounds of *forum non conveniens.* Defendants further move for dismissal of Plaintiff's negligence claim against Dr. Lucas Nolazco-Sassot for lack of personal jurisdiction.

## INTRODUCTION

The Northern District of Illinois is not a proper forum for this case. It involves contract, tort and statutory claims brought by a former student who currently resides in New York (Plaintiff) against a veterinary school located on the Caribbean island nation of St. Kitts (Ross University) and one of its former professors who currently resides in Argentina (Dr. Nolazco-Sassot). The claims arise from events that occurred when Plaintiff lived in St. Kitts and locally attended Ross University, before she was dismissed for academic reasons for a second and final time in September 2021. Unable to pursue a claim for purported disability discrimination because all of

the relevant events occurred in St. Kitts and the Americans with Disabilities Act has no application outside of the United States, Plaintiff has taken an end run around that principle and asserted disability-related claims for breach of contract, fraudulent inducement, negligent misrepresentation, breach of express warranties, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and negligence. This entire action should be dismissed on *forum non conveniens* grounds because Plaintiff's claims should be litigated in St. Kitts, which is where: (1) Plaintiff lived and attended classes at Ross University; (2) Plaintiff was allegedly treated unfairly by Dr. Nolazco-Sassot and other students; (3) both of Plaintiff's academic dismissals occurred, and (4) the material witnesses relevant to the facts and claims alleged in the Complaint are located, including the administrators who made the decisions to dismiss Plaintiff. The single claim of negligence asserted against Dr. Nolazco-Sassot should be dismissed for the additional reason that the Court lacks personal jurisdiction over him. Dr. Nolazco-Sassot has had no contacts with Illinois, and he has set foot in Illinois only once, when he travelled through O'Hare International Airport.

Plaintiff has not and cannot assert any legitimate basis for litigating her claims in this Court, because there is none. That is true notwithstanding Plaintiff's attempt to avoid dismissal by naming as a defendant Ross University's indirect parent corporation, Adtalem, which is headquartered in Chicago,[1] but has no material connection to this dispute other than its corporate relationship with Ross University. Indeed, there is no basis for litigating this dispute anywhere in the United States, as affirmed by a fairly recent opinion from Judge Andrea Wood of this District, in which she ruled that St. Kitts is an available and adequate forum for adjudicating disputes between Ross University and its former students. Judge Wood's opinion was well-reasoned and

---

[1] See Defendants' Corporate Disclosure Statement filed concurrently herewith for identification of Defendants and their Affiliates.

consistent with rulings from multiple other courts that have addressed similar matters, including other claims by former students of Ross University, and this Court should likewise dismiss Plaintiff's claims for *forum non conveniens* and lack of personal jurisdiction.

## RELEVANT FACTS[2]

1.    Plaintiff currently resides in New York.  (Cmplt. ¶ 13, Dkt. No. 1.)

2.    Plaintiff was a veterinary student enrolled at Ross University from May 2018 until September 2021, when she was dismissed for academic reasons for a second and final time.  (Cmplt. ¶¶ 23, 52.)  She had previously been dismissed for academic reasons in December 2020, but Ross University subsequently agreed to grant her readmission.  (Cmplt. ¶¶ 35-39.)

3.    Plaintiff resided on St. Kitts and took classes there while she was enrolled at Ross University.  (Cmplt. ¶¶ 23-24.)

4.    Ross University is a Private Ordinary Company with limited liability organized under the laws of St. Kitts.  (Cmplt. ¶ 1.)  The academic campus it operates as Ross University School of Veterinary Medicine, which is its principal place of business, is located on the Caribbean island of St. Kitts.   (Cmplt. ¶¶ 1, 11.)

5.    Dr. Nolazco-Sassot is a former professor at Ross University who currently resides in Argentina.  (Exhibit A, Declaration of Dr. Lucas Nolazco-Sassot dated May 11, 2022, ¶¶ 2,4.)  Dr. Nolazco-Sassot resided on St. Kitts from August 2018 until January 2022, while he was employed by Ross University.  (*Id.* ¶ 4.)  Plaintiff was a student in one of Dr. Nolazco-Sassot's classes.  (Cmplt. ¶ 8.)

6.    Adtalem is a Delaware corporation with its headquarters located in Chicago, Illinois.  (Cmplt. ¶ 5.)  Adtalem is the parent corporation of Ross University.  (Cmplt. ¶ 6.)

---

[2] For purposes of the present motion only, Defendants accept as true the allegations in Plaintiff's Complaint.

7.    Plaintiff suffers from irritable bowel syndrome and anxiety.  (Cmplt. ¶¶ 18-19.)

8.    Plaintiff chose to enroll at Ross University, in part, because of its statements regarding a prohibition on discrimination against students with disabilities and commitment to accommodate such students.  (Cmplt. ¶¶ 21-22.)

9.    In May 2018, Plaintiff relocated to St. Kitts and started attending Ross University. (Cmplt. ¶¶ 23-24.)

10.    Plaintiff failed three different classes during her first five semesters at Ross University, resulting in her academic dismissal in December 2020.  (Cmplt. ¶¶ 24, 31, 34-35.) Plaintiff appealed her dismissal, and the Dean, Dr. Sean Callanan, granted Plaintiff readmission in January 2021.  (Cmplt. ¶¶ 36-39.)

11.    After her reinstatement, Plaintiff took a class taught by Dr. Nolazco-Sassot. (Cmplt. ¶ 40.)  While enrolled in that class, Plaintiff alleges that Dr. Nolazco-Sassot and other students in the class treated her unfairly, including grading her more harshly, excluding her, and bullying her.  (Cmplt. ¶¶ 41-46, 49-51.)

12.    Plaintiff failed Dr. Nolazco-Sassot's class, resulting in her second and final academic dismissal from Ross University in September 2021.  (Cmplt. ¶¶ 51-52.)  Plaintiff contends that her academic dismissal was due to her disabilities, which she alleges Ross University failed to reasonably accommodate.  (Cmplt. ¶¶ 51-52.)

13.    Based on these facts, Plaintiff claims that Ross University breached the contract formed through the non-discrimination statement in its Student Handbook by failing to provide an educational environment free of disability discrimination and failing to reasonably accommodate her disabilities, made negligent misrepresentations, and breached express warranties (counts one, three and four); that Ross University and Adtalem fraudulently induced her to enroll at Ross

University and violated the Illinois Consumer Fraud and Deceptive Business practices Act by making false statements regarding nondiscrimination and reasonable accommodation of students with disabilities (counts two and five); and that Ross University, Adtalem and Dr. Nolazco-Sassot were negligent in failing to reasonably accommodate her disabilities (count six). (*See generally* Cmplt.)

## ARGUMENT

### I.    All of Plaintiff's Claims Should Be Dismissed on *Forum Non Conveniens* Grounds

A federal district court may dismiss a suit over which it would normally have jurisdiction "in order to best serve the convenience of the parties and the ends of justice." *See Stroitelstvo Bulgaria v. Bulgarian-Ame*, 589 F.3d 417, 421 (7th Cir. 2009). A district court has discretion to dismiss a case for *forum non conveniens* when "trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience . . ." *See Clerides v. Boeing Co.*, 534 F.3d 623, 628 (7th Cir. 2008). When considering a motion to dismiss on *forum non conveniens* grounds, the Court must determine whether there is "an alternate forum that is both 'available' and 'adequate.'" *See Stroitelstvo*, 589 F.3d at 417. If an adequate alternate forum exists, the Court must then "consider whether a *forum non conveniens* dismissal would serve the private and public interests of the parties and the public interests of the alternative forums." *See id.* at 424.

### A.    Plaintiff's Chosen Forum is Not Entitled to Deference

As an initial matter, the Court should reject any argument by Plaintiff that her chosen forum is entitled to deference. While "deference is substantial when the plaintiff has sued in his home forum, it is reduced when the action is brought elsewhere." *Zara v. Devry Education Group, Inc*., 2017 WL 977002, No. 16-cv-05156, at n. 1 (N.D. Ill. Mar. 14, 2017) (citing *In re Factor VIII or IX Concentrate Blood Products Litig*., 484 F.3d 951, 955–56 (7th Cir. 2007). Because Plaintiff's

home forum is New York and not Illinois, her choice of forum is entitled to little deference and does not require that this matter proceed in this Court.

**B.    As Judge Wood Recently Held in Dismissing Claims by Another Former Student of Ross University, St. Kitts is An Available and Adequate Alternative Forum**

St. Kitts is an available and adequate alternative forum for Plaintiff's claims.  That was Judge Wood's holding in a recent case involving contract and tort claims brought by another former student of Ross University, in which Judge Wood dismissed the case on *forum non conveniens* grounds.  *Zara*, 2017 WL 977002.[3]  Judge Wood's analysis and ruling applies equally to Plaintiff's claims, which should be dismissed on the same basis.

An alternative forum is available "if all parties are amenable to process and within the forum's jurisdiction." *See Stroitelstvo*, 589 F.3d at 417.  Ross University is organized pursuant to St. Kitts law, is based in St. Kitts, and is therefore plainly subject to process in that country.  While Adtalem disputes that the claims asserted against it state a plausible claim for relief, solely for purposes of the present motion, Adtalem does not dispute that it is amenable to process in St. Kitts.

An alternative forum is adequate "if it provides the plaintiff with a fair hearing to obtain some remedy for the alleged wrong." *See id.* at 421.  "It is not necessary that the forum's legal remedies be as comprehensive or as favorable as the claims a plaintiff might bring in an American court.  Instead, the test is whether the forum provides some potential avenue for redress for the subject matter of the dispute." *Id.*  Accordingly, even if a St. Kitts court were unable to provide precisely the same relief as this Court, that would not be sufficient to establish that St. Kitts is not an adequate forum. *See id.* (rejecting the plaintiff's argument that a Bulgarian court "could provide

---

[3] In *Zara*, the plaintiff asserted claims against Ross University and parent corporation DeVry Education Group, Inc. As the Seventh Circuit found in its opinion affirming Judge Wood's ruling, "DeVry Education Group changed its name in May 2017 to Adtalem Global Education." *Zara v. DeVry Education Group, Inc.*, 706 Fed. App'x 328, at n. 1 (7th Cir. 2017).  Thus, Judge Wood's analysis regarding DeVry is applicable to Adtalem in the present matter.

only partial remedies" for the claims raised in the plaintiff's complaint and holding that the plaintiff could not show that relief in a Bulgarian court was "so clearly inadequate or unsatisfactory that it is no remedy at all.").

St. Kitts is also an adequate alternative forum for Plaintiff's claims. In concluding in *Zara* that St. Kitts is an adequate forum for disputes between students and Ross University, Judge Wood correctly found that St. Kitts recognizes breach of contract claims brought by students against universities. *Zara,* 2017 WL 977002, at *4 (citing *Panchal v. Med. Univ. of the Americas, Ltd.,* Claim No. NEVHCV 2003/0096 (Eastern Caribbean Sup. Ct., St. Kitts and Nevis, Nevis Cir. Mar. 28, 2011)). In *Panchal*, the plaintiff medical student prevailed on her claims that the defendant school breached its contract with her by expelling her for academic dishonesty without following its own disciplinary procedures.

Judge Wood's ruling in *Zara* is not an outlier. At least three other federal courts have recognized St. Kitts as an adequate alternative forum, with one of those cases involving claims by a former student against Ross University. *See Archut v. Ross Univ. Sch. of Veterinary Med.,* 580 F. App'x 90 (3d Cir. 2014) (affirming dismissal on *forum non conveniens* grounds, where St. Kitts was deemed an adequate alternative forum for a former student's claims against Ross University); *Suhail v. Trans-Americainvest (St.Kitts), Ltd.*, 2015 WL 4598809 (D.N.J. July 29, 2015) (finding that St. Kitts is an adequate alternative forum and dismissing claims on *forum non conveniens* grounds in context of student bringing negligence claims against a university); *Sevison v. Cruise Ship Yours, Inc.*, 1997 WL 530267, at *3 (D.V.I Aug. 15, 1997) (recognizing St. Kitts as "an adequate alternative forum," but ultimately denying motion to dismiss on other grounds).

C.     **As Judge Wood Recently Concluded, Public and Private Interest Factors Favor St. Kitts**

Having determined that St. Kitts is an available and adequate alternative forum for this dispute, the analysis then turns to balancing public and private interest factors. *See Clerides*, 534 F.3d at 628 (holding that *forum non conveniens* public and private interest factors weighed in favor of dismissing the action in the Northern District of Illinois in favor of Cyprus or Greece).

The public interest factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having a trial of a diversity case in a forum that is at home with the law that must govern the action; avoidance of unnecessary problems in conflicts of laws or in the application of foreign law; [and] unfairness of burdening citizens in an unrelated forum with jury duty." *See id.*

Each of these public interest factors strongly favors St. Kitts: (a) St. Kitts has a "strong local interest" in resolving alleged contractual and tort law disputes arising from actions that took place in St. Kitts, between a St. Kitts corporation and a student who resided on St. Kitts while attending school, and involving multiple witnesses residing in St. Kitts (including the administrators who made the decisions to academically dismiss Plaintiff); (b) St. Kitts law governs Plaintiff's common law claims, notwithstanding her attempt to invoke Illinois law despite the absence of a connection between Illinois and the claims; (c) litigating in St. Kitts would avoid any potential for conflicts of law; (d) litigating in St. Kitts would avoid the difficulty of this Court having to apply St. Kitts law; and (e) it is fundamentally unfair to burden Illinois' citizens with attending jury duty on this matter because Illinois has no meaningful connection to the dispute.

The private interest factors also strongly favor St. Kitts. These factors include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view

would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive." *See Clerides*, 534 F.3d at 628. Here, the material witnesses were necessarily in St. Kitts at the time of the events alleged in the Complaint. Those witnesses include other students in Dr. Nolazco-Sassot's class whom Plaintiff alleges treated her unfairly. (*See* Cmplt. ¶¶ 40-44.) As non-party witnesses, all of those students are well beyond this Court's subpoena power. *See Delta Air Lines, Inc. v. Chimet S.p.A.*, 619 F.3d 288, 299 (3d Cir. 2010) (affirming the district court's conclusion that because necessary evidence and testimony could be obtained only in Italy, outside of its subpoena power, this weighed in favor of the alternative forum). While Plaintiff currently resides in New York, that is not materially farther from St. Kitts than it is from Illinois. At any rate, the Complaint does not allege that anyone relevant to this case resides in Illinois. Indeed, Plaintiff's counsel is not even from Illinois.

In short, it would be unreasonable for this Court to require a St. Kitts university to defend itself in Illinois federal court when the legal questions arise under St. Kitts law, the pertinent events took place in St. Kitts, the relevant witnesses live in St. Kitts or elsewhere outside of Illinois, and not even Plaintiff herself has any connection to Illinois.

**D.     Plaintiff's Claims against Adtalem Are an Improper Attempt to Avoid Dismissal by Manufacturing a Connection to the Northern District Where None Exists**

Anticipating that her lawsuit might be subject to dismissal on *forum non conveniens* grounds because of the absence of any connection between her claims and the Northern District, and perhaps being familiar with Judge Wood's ruling in *Zara*, Plaintiff named Ross University's indirect parent corporation as a defendant in an attempt to avoid dismissal. Simply put, Plaintiff likely added Adtalem to the caption of the Complaint only because it maintains its headquarters in Chicago, and that allows Plaintiff to say *something* when the Court asks, "Why was this lawsuit filed in the Northern District of Illinois?" But Plaintiff's strategic naming of Adtalem is

insufficient to avoid dismissal, and the Court should reject Plaintiff's attempt to manufacture a basis to file suit in this District.

Plaintiff's tactic fails to insulate her claims from dismissal because she does not allege any plausible claims against Adtalem. The only claims that Plaintiff purports to bring against Adtalem are for fraudulent inducement (Count Two), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count Five), and negligence (Count Six). These claims, however, are belied by the paltry factual allegations on which they are based. Plaintiff contends that Adtalem "issued false statements regarding the nondiscrimination and accommodations of people with disabilities," but the only allegedly false statements that Plaintiff identifies were contained in Ross University's Student Handbook, not any handbook or other materials prepared or maintained by Adtalem. (Cmplt. ¶¶ 21, 57, 68). Apart from these conclusory allegations relating to statements made by Ross University, not Adtalem, the only allegations in the entire 106-paragraph, 25-page Complaint pertaining to Adtalem are found in Paragraphs 2, 5, 6 and 10. There, Plaintiff alleges only that Ross University is a subsidiary company of Adtalem, and that Adtalem is a Delaware corporation with headquarters in Chicago. (Cmplt. ¶¶ 2, 5-6, 10). In sum, Plaintiff attempts to conflate Adtalem and Ross University and ignores the fact that they are two separate legal entities, in hopes that by doing so the Court will mistakenly believe that Adtalem allegedly engaged in some form of unlawful conduct.

The mere fact that Adtalem is the parent corporation of Ross University is insufficient to plausibly allege that Adtalem is somehow liable for an alleged intentional tort, statutory violation, or negligence as a result of statements allegedly made by Ross University in its Student Handbook regarding its efforts to accommodate students with disabilities. "A corporation's veil of limited liability will be pierced only when there is such unity of interest and ownership that the separate

personalities of the corporation and the . . . other corporation no longer exist and when adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 378-79 (7th Cir. 2008) (citations omitted). "Piercing the corporate veil is not favored and in general, courts are reluctant to do so . . . Accordingly, the party bringing a veil-piercing claim bears the burden of showing that the corporation is in fact a 'dummy or sham' for another person or entity." *Id.*

In *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F. 3d 537, 540 (7th Cir. 1998), the plaintiff argued that to attribute liability against a parent company for its subsidiaries' tortious acts, it simply needed to allege that the parent company controlled the subsidiaries. The Seventh Circuit rejected that argument outright, holding that "[p]arents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and thus attributing the subsidiaries' torts to the parent, the parent is not liable for those torts." *See id*.

Because Plaintiff has not alleged any plausible claims against Adtalem and it has no meaningful connection to this dispute other than its corporate relationship with Ross University, Plaintiff's naming Adtalem as a defendant does not provide a basis for litigating this dispute in this Court. *See Zara*, 2017 WL 977002, at *5 (rejecting as insufficient to avoid *forum non conveniens* dismissal the plaintiff's arguments that Ross University's parent corporation "was either significantly involved in making the decision to dismiss [plaintiff] or actually made the decision," and that two Illinois-based employees of that corporation "have maintained active involvement in emails related to [plaintiff]'s expulsion").

- 11 -

II.     **Plaintiff's Single Claim against Dr. Nolazco-Sassot Should Be Dismissed on the Additional Ground of Lack of Personal Jurisdiction**

This Court lacks personal jurisdiction over Dr. Nolazco-Sassot, and thus the single claim of negligence asserted against him should be dismissed for that additional reason. As discussed below, Dr. Nolazco-Sassot has had no contact with Illinois sufficient to subject him to the jurisdiction of this Court, and he could not have reasonably anticipated being haled into court here.

It is Plaintiff's burden to demonstrate that the Court has personal jurisdiction over each and every defendant. *See Travelers Cas. & Sur. Co. v. Interclaim (Bermuda) Ltd.*, 304 F. Supp. 2d 1018, 1020 (N.D. Ill. 2004). Where, as here, there is no federal statute or rule establishing a basis for jurisdiction, personal jurisdiction over a defendant is governed by the law of the forum state. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Illinois' long-arm jurisdiction statute construes a long list of actions as demonstrating submission to the jurisdiction of its courts, including the transaction of business within the state, the commission of a tort within the state, the making of a contract substantially within the state, or being present within the state when served. *See* 735 ILCS 5/2-209. However, Plaintiff does not allege that Dr. Nolazco-Sassot committed any of these acts.

The Illinois long-arm statute also includes a catch-all provision that permits the exercise of jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2–209(c). The Seventh Circuit has found no operative difference between the Illinois and federal constitutions for purposes of jurisdictional analysis and accordingly has held that catch-all jurisdiction may be exercised over a defendant in this District only if that exercise is consistent with the U.S. Constitution's Due Process Clause. *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010). The Due Process Clause permits the exercise of jurisdiction over a defendant only if she has had sufficient minimum contacts with

the forum state such that she "should reasonably anticipate being haled into court there." *Tamburo,* 601 F.3d at 701 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)). A defendant's contacts may subject her to the forum's jurisdiction generally or in specific relation to the activities at issue. *Id.* at 701–02.

Dr. Nolazco-Sassot has had no contacts with Illinois. He has never lived in Illinois, does not own any real or personal property in Illinois, does not have any bank or other accounts in Illinois, and has never transacted any business in Illinois. (Ex. A ¶¶ 7, 9-11.) Dr. Nolazco-Sassot has set foot in Illinois only once, when he travelled through O'Hare International Airport. (*Id.* ¶ 8.) His only communication with anyone in Illinois regarding any of the events at issue in this case was with Defendants' attorneys after Plaintiff filed suit and requested that Defendants waive service. (*Id.* ¶ 12.) He currently resides in Argentina, and he resided in St. Kitts when he was a professor at Ross University, from August 2018 until January 2022. (*Id.* ¶¶ 2, 4.)

Plaintiff cannot dispute any of these facts, and the Complaint is devoid of any allegations that Dr. Nolazco-Sassot has sufficient contacts with Illinois for this Court to exercise personal jurisdiction over him consistent with the minimum contracts requirement of the Due Process Clause. To the contrary, the factual allegations regarding Dr. Nolazco-Sassot all relate to events that occurred in St. Kitts while Plaintiff was a student enrolled in his course. (*See* Cmplt. ¶¶ 40-52, 100-105.) Accordingly, the Court should dismiss Dr. Nolazco-Sassot for lack of personal jurisdiction. *See Zara*, 2017 WL 977002, at *2-3 (dismissing for lack of personal jurisdiction individual defendant who similarly had no contacts with Illinois).

## CONCLUSION

Having this case proceed in this Court or any other court in the United States would be inconvenient and an inefficient use of judicial and party resources. St. Kitts is an available and

adequate forum for Plaintiff to litigate her dispute with Ross University, and private and public interests favor St. Kitts. Additionally, the Court lacks personal jurisdiction over Dr. Nolazco-Sassot. For these reasons, the Court should: (1) dismiss all of Plaintiff's claims on the grounds of *forum non conveniens*, with prejudice as to re-filing in any other court in the United States but without prejudice to re-filing in St. Kitts; (2) dismiss the claim against Dr. Nolazco-Sassot on the additional ground of lack of personal jurisdiction; and (3) grant Defendants any other relief the Court deems appropriate.

Dated: May 13, 2022      Respectfully Submitted,

**ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE, ADTALEM GLOBAL EDUCATION, INC., and DR. LUCAS NOLAZCO-SASSOT**

By: */s/ Christina M. Janice*
   One of Their Attorneys

Christina M. Janice
David G. Weldon
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Tele. (312) 357-1313
Christina.Janice@btlaw.com
David.Weldon@btlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on May 13, 2022, the foregoing document was filed electronically through the

Court's CM/ECF system, which sent notification of such filing to Plaintiff's counsel:

> Keith Altman
> The Law Office of Keith Altman
> 33228 West 12 Mile Road, Suite 375
> Farmington Hills, Michigan 48331
> keithaltman@kaltmanlaw.com

> */s/ Christina M. Janice*
> *One of the Attorneys for Defendants*