## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GABRIELLA ZARRELLI, | |
| *Plaintiff,* | Case No.: 22-cv-01277 |
| v. | Hon. Matthew Kennelly |
| ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE, ADTALEM GLOBAL EDUCATION, INC, DR. LUCAS NOLAZCO-SASSOT, and DOES 1 -, | |
| *Defendants.* | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**NOW COMES** Plaintiff Gabriella Zarrelli, by and through her attorneys, the Law Office of Keith Altman, with her Response to Defendant's Motion to Dismiss, and hereby states as follows.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................3

FACTUAL BACKGROUND ..................................................................................4

ARGUMENT ..........................................................................................................4

    A.  *Forum Non Conveniens* ...................................................................4

    B.  Plaintiff's Choice of Forum............................................................5

    C.  St. Kitt's Not Adequate Alternative Forum ....................................6

    D.  Private and Public Factors Weigh in Favor of Denying Motion.....................8

    E.  Claims against Adtalem.................................................................11

    F.  Dr. Nolazco-Sassot .......................................................................11

CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Fischer v. Magyar Államvasutak ZRT.*, 777 F.3d 847 (7th Cir. 2015)...............4, 5

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)............................................ 4, 5, 9

*Howe v. Goldcorp Investments, Ltd.*, 946 F.2d 944 (1st Cir. 1991) .........................6

*Hyatt Int'l Corp. v. Coco*, 302 F.3d 707 (7th Cir. 2002) ...........................................6

In re Bridgestone/Firestone. Inc., 190 F. Supp. 2d 1125, 1134-35 (S.D. Ind. 2002).

........................................................................................... 8, 9, 10, 12

*In re Factor VIII or IX Concentrate Blood Products Litigation*, 484 F.3d 951 (7th

Cir. 2007)........................................................................................5

*Kamel v. Hill-Rom, Co.,* 108 F.3d 799 (1997)...........................................................7

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)............................................................8

*Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981) ........................................ passim

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, (2007) .........5, 8

## FACTUAL BACKGROUND

Plaintiff's Complaint ("Complaint") in this matter was filed on March 10, 2022, with the United States District Court Northern District of Illinois Eastern Division. Plaintiff brings causes of action for breach of contract, fraudulent inducement, negligence, negligent misrepresentation, breach of express warranties, and violation of Illinois Consumer Fraud and Deceptive Business Practices Act. Defendant Adtalem Global Education, Inc. is a company incorporated in Delaware with its headquarters in Chicago, Illinois. Ross University, incorporated in St. Kitts, with two domiciles in Chicago, Illinois. Defendant filed their Motion to Dismiss on May 13, 2022.

## ARGUMENT

### A.    *Forum Non Conveniens*

Unless the balance weighs <u>strongly</u> in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).

"[T]he focus [of the inquiry] is the convenience to the parties and the practical difficulties that can attend the adjudication of the dispute in the certain locality." *Fischer v. Magyar Államvasutak ZRT.*, 777 F.3d 847 (7th Cir. 2015). The

analysis begins with the presumption in favor of the plaintiffs' choice of forum. *Id.*
The presumption is rebuttable if the alternative forum is adequate, and if private
and public interests support resolution of the claims in the alternative forum. *Id.*
Private interests include such things as the relative ease of access to sources of
proof; the availability of effective administration procedures for presenting
evidence to the adjudicator; and ease of enforcement. *Id.* Public interests include
the interest in having local disputes decided locally; application of local law by a
local forum; and avoidance of problems stemming from conflicts of law or
application of foreign law. *Id.*

### B.     Plaintiff's Choice of Forum

The *forum Non Conveniens* doctrine authorizes a court to dismiss a suit if
making the defendant defend in that court rather than in an alternative forum would
burden the defendant unreasonably. *Sinochem Int'l Co. v. Malaysia Int'l Shipping
Corp.*, 549 U.S. 422, (2007); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *Piper
Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) Dismissal will ordinarily be appropriate
where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant
or the court, and where the plaintiff is unable to offer any specific reasons of
convenience supporting his choice. *In re Factor VIII or IX Concentrate Blood
Products Litigation*, 484 F.3d 951 (7th Cir. 2007); *Hyatt Int'l Corp. v. Coco*, 302

F.3d 707 (7th Cir. 2002); *Howe v. Goldcorp Investments, Ltd*., 946 F.2d 944 (1st Cir. 1991).

Plaintiff's chosen forum was made with the ease of Defendant's litigating in mind. Plaintiff is a citizen of the United States, currently residing in the State of New York. Defendant Ross University maintains two domiciles in Chicago, Illinois. Defendant Adtalem is a United States corporation with its headquarters in Chicago, Illinois. Both Defendants have availed themselves to the current venue through their business dealings within Chicago, Illinois. Defendant's request for the current matter to be moved to St. Kitts is merely a tactic to discourage the Plaintiff from seeking redress for the wrong perpetrated by the Defendant.

The Plaintiff as a citizen of the United States has a right to seek redress in the federal judicial system of the United States. Defendants diminish their business dealings in the United States. Adtalem and Ross University actively market to students in the United States, contract with prospective students in the United States and maintain domiciles in the United States.

## C.    St. Kitt's Not Adequate Alternative Forum

The first step in a *forum non conveniens* analysis is to determine whether there are adequate alternative forums in which to hear these cases. *Piper Aircraft*

*Co. v. Reyno*, 454 U.S. 235 (1981). Such a determination involves a "two-part inquiry: availability and adequacy." *Kamel v. Hill-Rom, Co.,* 108 F.3d 799 (1997).

A forum is "available" if "all parties are amenable to process and are within the forum's jurisdiction." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)). "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).

The St. Kitts judicial system is available to Defendant Ross University as it operates the University within St. Kitts. St. Kitts is not available to Defendant Adtalem as it is incorporated in the State of Delaware with its headquarters in Chicago, Illinois.

"An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." *Kamel v. Hill-Rom, Co.,* 108 F.3d 799 (1997).

As stated previously, St. Kitts is an inadequate forum for the present litigation. Plaintiff would be required to litigate in a foreign venue when Defendants have alleviated themselves to suit in the United States. Further, Plaintiff would be required to drop Defendant Adtelam from the suit; a Defendant that Plaintiff has well pled claims against, as Defendant Adtalem is not available to suit in St. Kitt's. Defendant Adtalem is a proper Defendant in the present claims.

Judge Woods' dismissal of a separate case on the *forum non conveniens* grounds should not be holding on Plaintiff's current claims. The parties are different, the claims are different and the level of significant contacts and parties availing themselves to suit within the State of Illinois are different. Plaintiff's claims should be allowed to proceed in the present forum as the weighing of factors and analysis in Plaintiff's claims will lead to Plaintiff's chosen forum prevailing.

A dismissal may have more serious consequences for a plaintiff, even if he can refile his suit elsewhere, than merely being transferred to another district court within the federal system--for the elsewhere is almost always a court in a foreign country. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422 (2007). That is why the showing required to prove that the *forum* is indeed *non conveniens* is greater than that required for obtaining a change of venue from one district court to another. *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955); *Piper Aircraft Co. v. Reyno,* 454 U.S. at 253-54. St. Kitt's is not an available and adequate alternative forum.

### D.     Private and Public Factors Weigh in Favor of Denying Motion

"Private factors are usually analyzed separately from public factors, and Defendants continue to bear the burden of persuasion as to this element of *the*

*forum non conveniens* analysis." *In re Bridgestone/Firestone. Inc.*, 190 F. Supp. 2d 1125, 1134-35 (S.D. Ind. 2002)

"There is ordinarily a strong presumption in favor of the plaintiffs' choice of forum, which may be overcome only when the private and public factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

Private interests of the litigants include: the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive [including] questions as to the enforceability of a judgment if one is obtained. *In re Bridgestone/Firestone. Inc.*, 190 F. Supp. 2d 1125 (S.D. Ind. 2002).

Within their motion, Defendants make inaccurate allegations regarding their inability to depose or obtain testimony of witnesses. Many students at Ross University are United States citizens that reside in St. Kitts for the durations of their education only. Defendants' have provided no information as to the whereabouts of the expected witnesses and whether St. Kitts has jurisdictions to subpoena them should the case be dismissed on the present motion. It is likely that many witnesses again reside in the United States as the time of this litigation.

9

Plaintiff's counsel will aide in obtaining and producing pertinent documentation. Plaintiff anticipates that all documents produced in the current matter will be done electronically. Further, in the current day and age the ability to attend depositions, hearings and other litigation matters electronically has become common practice. Out of state and/or foreign witnesses, pose no additional burden to either party.

Public interest factors, which include: the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *In re Bridgestone/Firestone. Inc.*, 190 F. Supp. 2d 1125 (S.D. Ind. 2002).

Defendants fail to recognize any public interest factors weighing in favor of the case remaining in the current forum. The Defendant companies all have headquarters/domiciles in Chicago, Illinois. These companies make internal business decisions that affect operations both within the State of Illinois as well as their outside locations. It is unconscionable to assume that the high level operations in Chicago, Illinois do not make decisions for the operations in St. Kitts. Of the same notion, it is of public importance to have the citizens of Illinois sit on a jury

in the present claims. The citizens of Illinois have a vested interest in the operations of corporations headquartered and domiciles in Illinois that make decisions directly relating to those doing business with the corporations, such as students. Additionally, it is of high probability that the Defendants in this case have marketed and persuaded Illinois students to pursue education at Ross University in St. Kitts under fraudulent inducement. An Illinois jury should hear this case.

### E.     Claims against Adtalem

Defendant Adtalem, as the parent Company of Ross University is a proper Defendant in the present claims. Plaintiff's claims for fraudulent inducement are based on Adtalem's involvement in inducing Plaintiff to attend Ross University. These inducements occurred within the United States and were successful in getting Plaintiff to attend Ross University where she ultimately faced injustice to which she now seeks legal remedy.

### F.     Dr. Nolazco-Sassot

Plaintiff brings claims against Defendant Dr. Nolazco-Sassot for negligence as Defendant breached a duty of care owed to Plaintiff while Dr. Nolazco-Sassot was an employee of Ross University. While Dr. Nolazco-Sassot's contacts with the State of Illinois are minimal, such contact does exist. Defendant Dr. Nolazco-

Sassot was an employee of Ross University and should be held accountable for his actions while employed with Ross University.

## CONCLUSION

"If central emphasis were placed on any one factor [such as interest of the local forum], the forum non conveniens doctrine would lose much of the flexibility that makes it so valuable." *Piper Aricraft v. Reyno*, 454 U.S. 235 (1981).

It can be found that both the United States and St. Kitts have legitimate interests in this case. However, this issue does not weigh heavily in favor of Defendant's position on *forum non conveniens. In re Bridgestone/Firestone. Inc.,* 190 F. Supp. 2d 1125, 1146 (S.D. Ind. 2002)

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

Dated: July 5, 2022                          Respectfully submitted,


Keith Altman, Esq.
The Law Office of Keith Altman
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929

keithaltman@kaltmanlaw.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| GABRIELLA ZARRELLI,<br><br>       *Plaintiff,*<br>v.<br><br>ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE, ADTALEM GLOBAL EDUCATION, INC, DR. LUCAS NOLAZCO-SASSOT, and DOES 1 -,<br><br>       *Defendants.* | Case No.: 22-cv-01277<br><br>Hon. Matthew Kennelly |

## CERTIFICATE OF SERVICE

I certify that on July 5, 2022, I served the foregoing Plaintiff's Response to Defendants Motion to Dismiss upon all parties herein by filing copies of same using the ECF System.

Respectfully Submitted,

Keith Altman, Esq.

13