IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIELLA ZARRELLI,<br><br>      Plaintiff,<br><br>vs.<br><br>ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE, ADTALEM GLOBAL EDUCATION, INC., DR. LUCAS NOLAZCO-SASSOT, and DOES 1 - ,<br><br>      Defendants. | Case No.: 22-cv-01277<br><br>Hon. Matthew Kennelly |

**DEFENDANTS' REPLY MEMORANDUM**
**IN SUPPORT OF THEIR MOTION TO DISMISS**

    Plaintiff's response brief fails to articulate any reason why the Court should deny Defendants' Motion to Dismiss and allow this case to proceed in the Northern District of Illinois. Plaintiff ignores most of Defendants' arguments and cited case law, and the little analysis that she offers is surface level, at best. Most glaringly, Plaintiff has not identified any basis for the Court to distinguish Judge Wood's well-reasoned ruling in *Zara*, in which she dismissed similar claims brought against Ross University and Adtalem's predecessor on the exact same grounds as those advanced by Defendants in their Motion. Instead, without even referring to the case by name, Plaintiff makes a generalized and incorrect assertion that Judge Wood's ruling "should not be holding" on her claims because the "parties are different, the claims are different and the level of significant contacts" are different. (Response at 8.) None of those contentions withstands scrutiny, and the Court should accordingly reject them.

    Plaintiff's response to the Court's lack of personal jurisdiction over Dr. Nolazco-Sassot is even paltrier. Despite Dr. Nolazco-Sassot's sworn declaration confirming that he has had no contacts with Illinois apart from once flying through O'Hare International Airport, Plaintiff

contends that Dr. Nolazco-Sassot has "minimal" contacts with Illinois. Tellingly, Plaintiff offers no evidentiary support whatsoever for that assertion. And it is unclear whether Plaintiff's reference to "minimal" contacts (as opposed to "minimum" contacts) is simply a typo or an attempt to rely on some lesser legal standard not recognized by any court. Either way, Plaintiff's unsupported personal jurisdiction argument lacks merit and strains credibility.

## ANALYSIS

A.   **The Northern District of Illinois is Not a Proper Forum for this Dispute.**

Plaintiff's response confirms that the Northern District of Illinois is not a proper forum for this dispute. That was Judge Wood's conclusion in *Zara*, in which she addressed similar claims brought by a former student against Ross University, Adtalem's predecessor, and an individual defendant. Defendants discussed Judge Wood's ruling in *Zara* extensively in their opening brief, given that it is squarely on point. (*See* Defendants' opening brief at 6-9.) In her response, Plaintiff never mentions *Zara* by name, and her discussion of the case consists of just three sentences. (Response at 8.)

To characterize Plaintiff's discussion as an attempt to distinguish *Zara* would be an overstatement, as she instead attempts unsuccessfully to brush Judge Wood's well-reasoned ruling aside altogether because it involved different parties and claims. Of course *some* of the parties are different; the plaintiffs and individual defendants are not identical. Likewise, *some* of the claims are different. Those differences, however, are immaterial for *forum non conveniens* purposes, as both *Zara* and this case involve claims brought by a former student against Ross University and an indirect parent corporation. In both cases, the claims arise from events that occurred while the plaintiff lived in St. Kitts and attended Ross University locally, and the material witnesses relevant to the alleged facts and claims are located in St. Kitts. For purposes of conducting a *forum non*

*conveniens* analysis, one would be hard pressed to find two cases that are more similar than this case and *Zara*. The explanation for Plaintiff's failure to articulate any reason why the Court should reach a different conclusion than Judge Wood is simple – no such reason exists.

Plaintiff's discussion of the public and private interest factors requires little reply. Again, *Zara* is squarely on point, and Judge Wood thoughtfully and thoroughly examined all of the factors and concluded that they weighed in favor of dismissal. The same is true here, notwithstanding Plaintiff's attempts to manufacture some connection between her claims and the Northern District of Illinois, when in fact none exists.[1] Like elsewhere in her response brief, Plaintiff primarily cites various black letter principles, and then fails to devote much effort to applying those principles to the facts and circumstances of this case. (*See* Response at 8-11.)

The Court should reject Plaintiff's contentions that St. Kitts is not an available alternative forum for Adtalem, and that Plaintiff would have to "drop" Adtalem as a defendant if she were required to litigate in St. Kitts because it is not amenable to process there. (Response at 7.) In their opening brief, Defendants expressly stated that while Adtalem disputes the claims asserted against it state a plausible claim for relief, solely for purposes of the present Motion, "Adtalem does not dispute that it is amenable to process in St. Kitts." (Defendants' opening brief at 6.) Given that representation, Plaintiff's contentions lack merit. Adtalem has acknowledged that it

---

[1] The Court should reject Plaintiff's assertion that Ross University has "two domiciles in Chicago, Illinois." (Response at 4). As an initial matter, Plaintiff offers no factual support for that assertion. A corporation's domicile is defined as the "the center of corporate affairs" and place in "which it maintains its principal place of business." Black's Law Dictionary (11th ed. 2019); *accord GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.*, 64 F. Supp. 3d 1179, 1188 (N.D. Ill. 2014) ("a corporation's place of incorporation and principal place of business, which define its domicile, are the paradigmatic fora states in which a corporation should be deemed to be 'at home.'"). Applying that established definition here and looking to Plaintiff's allegations in the Complaint, Ross University's domicile is St. Kitts, not Illinois. *See* Complaint at ¶ 1 ("Ross University is incorporated in St. Kitts") and ¶ 11 ("Ross University has its headquarters and principal place of business in the nation of St. Kitts."). This point is further underscored by the fact that a search of the Illinois Secretary of State's business services database for "Ross University" results in zero hits, thus confirming that Ross University is not even registered to do business in Illinois and does not have a registered agent in Illinois. https://apps.ilsos.gov/corporatellc/CorporateLlcController (last visited on July 25, 2022). The Court can take judicial notice of those facts. *See, e.g., Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from website of the FDIC).

will be amenable to process in St. Kitts, and thus there is no dispute that St. Kitts is an available alternative forum, which weighs in favor of dismissal.

Finally, Plaintiff's argument that her choice of forum is entitled to deference ignores the case law Defendants cited in their opening brief. (Response at 5-6.) In situations where the plaintiff sues outside of her home forum, her choice of forum is entitled to little deference. (*See* Defendants' opening brief at 5-6.) Because New York is Plaintiff's home forum, her decision to sue in the Northern District of Illinois is not entitled to much deference, and certainly not enough to transform this from an improper forum to a proper one. The cases cited by Plaintiff are inapposite, as they did not address situations in which the plaintiff sued in a foreign forum. (*See* Response at 5-6.) And Plaintiff's suggestion that she chose this forum to make it easier for Defendants to litigate is off-base. Ross University, the primary defendant, is located in St. Kitts, while Dr. Nolazco-Sassot resides in Argentina. In light of those undisputed facts, the notion that it is somehow easier for Defendants to litigate in the Northern District of Illinois lacks merit.

**B.      The Court Lacks Personal Jurisdiction Over Dr. Nolazco-Sassot.**

In support of its position that the Court lacks personal jurisdiction over Dr. Nolazco-Sassot, Defendants submitted a sworn declaration from Dr. Nolazco-Sassot. (*See* Exhibit A to Defendants' opening brief.) In that declaration, Dr. Nolazco-Sassot established that apart from once flying through O'Hare International Airport, he has never set foot in Illinois, has no connections to Illinois, and could not have reasonably anticipated that he would be haled into court in Illinois. (*See id.*)

Plaintiff's response on this issue consists of a mere three sentences. (Response at 11-12.) Significantly, Plaintiff has offered no evidence to refute Dr. Nolazco-Sassot's sworn declaration. Instead, she contends that the Court has personal jurisdiction over Dr. Nolazco-Sassot because

"while [his] contacts with the State of Illinois are minimal, such contact does exist." (Response. at 11.) However, the only purported "contact" identified by Plaintiff is that Dr. Nolazco-Sassot was "an employee of Ross University and should be held accountable for his actions while employed with Ross University." (Response at 12.) That contention does not hold water, as Ross University is located in St. Kitts, such that Dr. Nolazco-Sassot's former employment with Ross University fails to demonstrate any purported contact between him and Illinois.

The Court should reject Plaintiff's jurisdictional assertions. They are not supported by any evidence and are flatly refuted by Dr. Nolazco-Sassot's unrebutted sworn declaration, which establishes that the Court lacks personal jurisdiction over him.

## **CONCLUSION**

Plaintiff's response only serves to confirm that the Northern District of Illinois is not a proper forum for this case, just as it was not a proper forum for the similar dispute in *Zara*. Accordingly, the Court should grant Defendants' Motion to Dismiss.

Dated: July 26, 2022            Respectfully Submitted,

**ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE, ADTALEM GLOBAL EDUCATION, INC., and DR. LUCAS NOLAZCO-SASSOT**

By: */s/ Christina M. Janice*
    One of Their Attorneys

Christina M. Janice
David G. Weldon
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Tel. (312) 357-1313
Christina.Janice@btlaw.com
David.Weldon@btlaw.com

- 6 -

## **CERTIFICATE OF SERVICE**

      I certify that on July 26, 2022, the foregoing document was filed electronically through the Court's CM/ECF system, which sent notification of such filing to Plaintiff's counsel:

>Keith Altman
>The Law Office of Keith Altman
>33228 West 12 Mile Road, Suite 375
>Farmington Hills, Michigan 48331
>keithaltman@kaltmanlaw.com

                                            */s/ Christina M. Janice*
                                            One of Defendants' Attorneys