**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GABRIELLA ZARRELLI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22 C 1277** |
| | ) | |
| **ROSS UNIVERSITY SCHOOL** | ) | |
| **OF VETERINARY MEDICINE,** | ) | |
| **ADTALEM GLOBAL EDUCATION,** | ) | |
| **INC., and DR. LUCAS** | ) | |
| **NOLAZCO-SASSOT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In May 2018, Plaintiff Gabriella Zarrelli began attending Defendant Ross

University School of Veterinary Medicine, located on the Caribbean island of Saint Kitts,

which is part of the Federation of Saint Kitts and Nevis.  Ms. Zarrelli alleges that she

researched and chose Ross University in part because its student handbook states that

the University prohibits discrimination based on disability status and commits to

providing reasonable accommodations for qualified students with disabilities.  Ms.

Zarrelli says that she had a disability, specifically, irritable bowel syndrome with

constipation, combined with anxiety and depression.  She alleges that she requested

accommodations from the school but was ignored.  As a result, Ms. Zarrelli alleges, she

could not attend class when her disability caused her pain.

Ms. Zarrelli was dismissed from the school in December 2020 for failing three classes, but the school readmitted her in January 2021. She then attended a class taught by Dr. Lucas Nolazco-Sassot. Ms. Zarrelli alleges that he bullied her and allowed other students to do so as well. After she missed class too many times due to her disability and the lack of accommodations, Ms. Zarrelli was dismissed from the university. She then filed the present lawsuit in this District.

Ms. Zarrelli lived in St. Kitts when she was attending the university, but she is a citizen and resident of New York. Ross University is incorporated in St. Kitts and maintains its headquarters and principal place of business there. The university also has two offices in Chicago that deal with student financing. Defendant Adtalem Global Education, Inc., alleged to be Ross University's parent corporation, is incorporated in Delaware and maintains its headquarters in Chicago. Defendant Dr. Nolazco-Sassot is a citizen of Argentina who at the relevant time lived in St. Kitts. In an affidavit, Dr. Nolazco-Sassot says that he has never set foot in Illinois, aside from a single trip through O'Hare International Airport. He also states that he does not own property or bank accounts in Illinois and has never transacted business in the state.

Ms. Zarrelli has asserted claims against Ross University and/or Adtalem for breach of contract, fraudulent inducement, negligent misrepresentation, and breach of warranty, and under the Illinois Consumer Fraud and Deceptive Business Practices Act, and against all of the defendants for negligence. The defendants have moved to dismiss the case based on the doctrine of *forum non conveniens*. Dr. Nolazco-Sassot has alternatively moved to dismiss the single claim against him for lack of personal

2

jurisdiction. For the reasons stated below, the Court dismisses the case based on *forum non conveniens*.

## Discussion

The doctrine of *forum non conveniens* allows dismissal of a case in federal court when an appropriate alternative forum for the case exists—in particular when that forum is abroad—and keeping the case in the plaintiff's chosen forum is "disproportionate to the plaintiff's convenience, oppressive and vexatious to the defendant" or administratively and legally burdensome to the court. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429–30 (2007); *see also Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022).

The defendant bears the burden of establishing these elements. Though that burden is a significant one in view of the "strong presumption in favor of the plaintiff's choice of forum," that presumption is reduced in significance when, as in this case, the plaintiff does not reside in her chosen forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Because the goal of the *forum non conveniens* inquiry is to "ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.* at 256.

The first question is "whether there exists an alternative forum." *Id.* at 254 n.22. This requires a two-part inquiry regarding the alternative forum's availability and its adequacy. *See Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997). Availability is satisfied if the defendants are amenable to process in the alternative forum. *Piper*, 454 U.S. at 254 n.22. Adequacy is satisfied if the alternative forum "provides the plaintiff with a fair hearing to obtain some remedy for the alleged wrong." *Stroitelstvo Bulg. Ltd. v. Bulgarian-American Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009). It does not

require the alternative forum to offer relief "as comprehensive or as favorable" as that provided by American courts. *Id.* at 422. Rather, the alternative forum is adequate if it provides a "potential avenue for redress" of the plaintiff's suit, even if relief cannot be granted on every claim the plaintiff has made. *Id.* ("To be sure, Bulgarian law might not support the full array of legal claims spelled out in [plaintiff's] federal-court complaint. . . . That is neither surprising . . . nor problematic . . . .").

The availability requirement is easily met in this case. The defendants concede and agree in their opening memorandum that all of them are amenable to process in St. Kitts. Ms. Zarrelli argues otherwise regarding Adtalem, a U.S. corporation headquartered in Chicago, but Adtalem has expressly consented to service of process in St. Kitts; the Court is relying on that consent; and it is binding on Adtalem and the other defendants.

The alternative forum is considered adequate if the plaintiff's claim is cognizable in that forum's legal system. The defendants have shown this, at least for Ms. Zarrelli's breach of contract and negligence claims. In *Archut v. Ross University School of Veterinary Medicine*, No. 10-1681, 2013 WL 5913675 (D.N.J. Oct. 30, 2013), the court dismissed the case, which involved a claim for breach of contract, based on *forum non conveniens*. The court found that St. Kitts's legal system was derived from the British common law system and that it "recognizes claims for breach of contract, and provides detailed mechanisms for enforcing contracts in its courts." *Id.* at *5. The court further found, more specifically, that St. Kitts recognizes contract claims by students against universities. *Id.* at *6. For these reasons, the court concluded that St. Kitts was an adequate alternative forum and dismissed the case, a decision affirmed by the Third

4

Circuit "substantially for the reasons set forth" by the district court. *Archut v. Ross Univ. Sch. of Veterinary Med.*, 580 F. App'x 90, 91 (3d Cir. 2014). Similarly, in *Sevison v. Cruise Ship Tours*, No. 1996-57, 1997 WL 530267 (D.V.I. Aug. 15, 1997), the court dismissed the plaintiff's claim based on *forum non conveniens* after concluding that "the type of negligence claims asserted by plaintiffs" were "causes of action that the courts of [St. Kitts] recognize . . . ." *Id.* at *3.

Turning to the present case, St. Kitts is an adequate alternative forum in this case because Ms. Zarrelli's breach of contract and negligence claims are cognizable there. The Court cannot necessarily say the same for each and every one of Ms. Zarrelli's other claims, but as indicated earlier, that's not required for the alternative forum to be considered adequate.

The next issue is whether keeping the case in the plaintiff's chosen forum (this District) would disproportionately benefit or burden the plaintiff, defendant, or court system. *See Zimmer*, 29 F.4th at 357. This "requires the district court to balance the public and private interest factors of the alternative forum." *Id.* The public interest factors include:

> (1) the "administrative difficulties stemming from court congestion"; (2) the "local interest in having localized disputes decided at home"; (3) the "interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action"; (4) the "avoidance of unnecessary problems in conflicts of laws or in the application of foreign law"; and (5) the "unfairness of burdening citizens in an unrelated forum with jury duty."

*Zimmer*, 29 F.4th at 360 (quoting *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 868 (7th Cir. 2015)); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947). The private interest factors include: "(1) relative ease of access to sources of proof; (2)

availability of compulsory process and costs for attendance of witnesses; (3) possibility of viewing the premises, if appropriate; and (4) other practical issues, including the ease of enforcement of any ultimate judgment." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 807 (7th Cir. 2016); *see also Gilbert*, 330 U.S. at 508.

The Court finds Judge Andrea Wood's decision in *Zara v. Devry Education Group, Inc.*, No. 16 C 5156, 2017 WL 977002 (N.D. Ill. Mar. 14, 2017), persuasive regarding the weighing of public and private factors in a case very similar to this one. In *Zara*, the plaintiff sued Ross University and its corporate parent (then called Devry, now Adtalem) for breach of contract, negligence, and other claims. *Id.* at *1. The court carefully assessed the public and private interest factors relating to St. Kitts. There as here, every claim in the suit arose from conduct in St. Kitts: "[i]ndeed, none of the factual allegations of Zara's complaint refer to any acts occurring anywhere other than St. Kitts." *Id.* at *4. Judge Wood also found, and this Court agrees, that St. Kitts has a significant interest in deciding a dispute based on local events and that this District, by contrast, has a much less significant "interest in resolving a dispute over actions in a remote location," *id.* at *5, particularly when (as here) the plaintiff is not from Illinois.

The tipping of the balance toward St. Kitts was in *Zara*, and is in the present case, even stronger when considering the relevant private interests, as every school administrative official, faculty member, and student relevant to the case as located in St. Kitts. *Id.* A Third Circuit case, *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 296 (3d Cir. 2010), analyzed the issues in a similar way in a case in which, like the present one, no witness was in the plaintiff's chosen forum, and all of them (or in this case, nearly all) were in the defendant's proposed alternative forum. In particular, the court

noted that some of the third-party witnesses were "beyond the scope of the Court's subpoena power" if the case remained in the plaintiff's chosen forum, which would complicate the proceedings. *Id.*

In the present case, the public and private interest factors favor litigating the suit in the alternative forum. The analysis of the public interest factors is identical to *Zara*, where, as in the present case, the relevant events all occurred in St. Kitts. And St. Kitts has an interest in resolving local disputes, which is what this case represents as it relates to St. Kitts. Furthermore, no factual allegations by Ms. Zarrelli link the suit to Illinois aside from the presence of defendant Adtalem in this state. And in that regard, Ms. Zarrelli has alleged no facts relating to Adtalem (or otherwise) suggesting a legitimate link between her claims in this case and activity related to Illinois.

Additionally, the analysis of the private interest factors in this case mirrors that in *Zara* and *Delta Air Lines*. Everyone referenced in Ms. Zarrelli's complaint lived in St. Kitts. Dr. Nolazco-Sassot now lives in Argentina, but one way or another he is not subject to a subpoena issued by a court in the United States. Ms. Zarrelli points out that some of the witnesses are students from the United States (she does not identify the state of residence of any of them) and thus likely would be easier to depose if the case were to remain in a U.S. federal court. But there is no basis in the record to believe that any of these witnesses are located in Illinois, and it is crystal clear that all of the school administrators and faculty members with knowledge regarding Ms. Zarrelli's claims are in St. Kitts, not in the United States and not in Illinois.

In sum, the balance of the relevant public and private interest factors tips strongly in favor of a finding that this District is not an appropriate forum for this suit.

Additionally, St. Kitts is an available and adequate alternative forum to handle Ms. Zarrelli's claims. The Court will grant the defendants' *forum non conveniens* motion and thus need not address Dr. Nolazco-Sassot's alternative request for dismissal based on lack of personal jurisdiction.

### Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [11] and directs the Clerk to enter judgment dismissing this case without prejudice based on the doctrine of *forum non conveniens*. The telephonic status hearing set for September 8, 2022 is vacated.

Date: September 7, 2022

MATTHEW F. KENNELLY
United States District Judge